UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.                         CASE No. 8:08-MC-89-T-23TGW

JASON BENNETT,

    Respondent.

## REPORT AND RECOMMENDATION

The United States of America seeks to enforce in this suit two Internal Revenue Service (IRS) summonses served upon the respondent, Jason Bennett. For the following reasons, I recommend that the summonses be enforced.

In this case, a petition was filed stating that an investigation was being conducted into the collection of tax assessments of the respondent for the years 1993, 1995, 1996, 1997, 1998, and 1999, and for the determination of the individual federal income tax liability of the respondent for the year 2001. It was alleged further that the respondent was in possession of testimony and documents concerning the investigation and that two summonses were issued by the IRS directing the respondent to appear before

a revenue officer and produce documents for examination. The respondent failed to appear in response to the summonses, and failed to produce the required books, papers, records, or other data.

The revenue officer has filed a declaration under penalty of perjury stating that the books, papers, records and other data may be relevant to the collection of the federal income tax assessments against Jason Bennett for the years 1993, 1995, 1996, 1997, 1998, and 1999, as well as the determination of the federal tax liability of Jason Bennett for the year 2001. It alleges further that, while some information is in the possession of the IRS, the documents sought are not. The petition also states that all administrative steps required by the Internal Revenue Code for the issuance of a summons have been taken.

An Order to Show Cause was issued directing the respondent to file a written response within twenty (20) days of service (Doc. 3). The Order further directed that, should the respondent raise any objection to the enforcement of the summonses, he should appear for a hearing on October 7, 2008, at 2:30 P.M., to show cause why the summonses should not be enforced. The Order and accompanying documents were personally served upon the respondent on August 5, 2008 (Doc. 4). However, the respondent did not file a written response and did not appear at the time scheduled for the hearing.

The Supreme Court held in <u>United States</u> v. <u>Powell</u>, 379 U.S. 48, 57-58 (1964), that a summons is to be enforced upon a showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed...." In this case, the Government has made such a showing through the petition and the verified declaration. See <u>United States</u> v. <u>Southeast First National Bank of Miami Springs</u>, 655 F.2d 661, 664 (5th Cir. 1981). As indicated, the respondent has failed to controvert the showing or raise any other viable defense to the summonses.

I therefore recommend that the respondent be ordered to comply with the IRS summonses served upon him.

Respectfully submitted,

*/s/ Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: OCTOBER 7, 2008

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its

service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).